**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **C.K.S. PACKAGING, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:25-cv-00897** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **MILO'S TEA COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANUM AND ORDER</u>**

This lawsuit arises from a longstanding business relationship between Plaintiff C.K.S. Packaging, Inc. ("CKS") and Milo's Tea Company, Inc. ("Milo's"). (*See* Complaint, Doc. No. 1 ¶ 20 ("CKS successfully supplied plastic containers to Milo's for approximately 18 years prior to this dispute.")). Pending before the Court is Milo's partial motion to dismiss (Doc. No. 23), filed under Rule 12(b)(6) as to Counts 2 and 3 of the complaint.[1] The motion is fully briefed and ripe for adjudication. For the reasons stated herein, the motion (Doc. No. 23) is **DENIED**.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference

[1] Although Milo's motion indicates that it also seeks dismissal of Count 4, it fails to articulate any argument as to why this statutory deceit claim fails under Rule 12(b)(6). (*See* Doc. No. 24 at 13-19).

that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

To state claim, a complaint need not anticipate every defense and accordingly need not plead every response to a potential defense. *See Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004). Nor does a complaint need to plead factual allegations to plausibly avoid an affirmative defense. *VCST International B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025) (citing *Jones v. Bock*, 549 U.S. 199, 211–15 (2007)). But courts may still grant a motion to dismiss based on an affirmative defense if the complaint's allegations show as a matter of law that the defense applies. *See id*. at 400.

## II. LAW AND ANALYSIS

### A. Breach of Contract (Count 2)

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank*, 308 So. 3d 484, 490 (Ala. 2020). Through its pending motion to dismiss, Milo's does not challenge the sufficiency of the complaint's factual allegations in support of this claim; *i.e.* it does not argue that the complaint fails to state a claim for breach of contract under Alabama law. Instead, Milo's asks the Court to dismiss this claim based on certain legal defenses including novation and waiver. However, it is

not apparent from the complaint that these defenses apply. And Milo's asks the Court to construe contract terms in its favor, which the Court cannot do at the pleading stage. Moreover, CKS disagrees with Milo's interpretations of certain contract terms. The Court declines to decide the viability of Milo's defenses to Count 2 at this initial stage of litigation.

**B. Fraud (Count 3)**

Milo's contends that Count 3 fails a matter of law because "Alabama law does not recognize fraud in the performance." (Doc. No. 24 at 13-15 (citing *Norfolk Southern Railway Company v. Boatright Railroad Products, Inc.*, 2018 WL 2299249 at *12 (N.D. Ala. 2018)). However, *Norfolk* confirms that "Alabama courts have consistently held that, where a party fraudulently conceals or misrepresents facts relating to its intention or ability to perform under a contract, 'a single transaction can support an award of damages for both breach of contract and fraud.'" 2018 WL 2299249 at *11 (quoting *Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 108 (11th Cir. 1989) and *Deupree v. Butner*, 522 So. 2d 242, 244 (Ala. 1988)).[2] And here, the

---

[2] Other authority Milo's relies on also recognizes this distinction, including *Nelson v. Frankenmuth Mutual Insurance Company*, where the Northern District Court of Alabama held:

> The Nelsons have a tort claim related to Frankenmuth's alleged contractual breach: bad faith. They cannot use the same conduct to recover through an additional tort theory for fraud. *See Voss v. State Farm Mut. Auto. Ins. Co.*, No. 1:17-CV-01465-SGC, 2018 WL 4635747 at *8 (N.D. Ala. Sept. 27, 2018). Accordingly, the Nelsons' fraud claim will be dismissed for failure to state a claim upon which relief can be granted.
>
> The same is not true, however, for the Nelsons' claims for fraudulent inducement and deceit. Under Alabama law, claims of fraudulent inducement and breach of contract may coexist. *See Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 108 (11th Cir. 1989) ("Alabama courts have consistently held that, where a party fraudulently conceals or misrepresents facts relating to its intention or ability to perform under a contract, 'a single transaction can support an award of damages for both breach of contract and fraud.'") (citations omitted).

2025 WL 2345836, at *3 (N.D. Ala. 2025) (footnote omitted).

complaint alleges that Milo's falsely represented that it intended to fulfill its contractual obligations under the terms of the Supply Agreement. (*See* Doc. No. 1 ¶¶ 115-116).

Next, Milo's submits that "CKS cannot establish reliance" on its alleged misrepresentations because "CKS repeatedly states that it did not believe Milo's representations were 'credible,' and instead rejected them as opposed to relying on them." (Doc. No. 24 at 13). This argument improperly invites the Court to resolve a factual dispute in Milo's favor and to ignore the factual allegations that CKS permitted Milo's to conduct the CKS Dallas Audit; began manufacturing products in Atlanta, Georgia; shipping those products to Milo's Tulsa in Owasso, Oklahoma; added 200+ new trailers to support one of Milo's demanded requirements; and made substantial transportation and shipping procedural changes in reliance on Milo's alleged misrepresentations. (*See* Doc. No. 1 ¶ 119). Additionally, as CKS correctly points out in its response, Milo's improperly relies on cases that were made in the post-trial context, after the record was developed. (*See* Doc. No. 24 at 16 (citing *Shades Ridge Holding Co., Inc. v. Cobbs, Allen & Hall Mortg. Co., Inc.*, 390 So. 2d 601, 611 (Ala. 1980) (appeal post-trial) and *Sandoz, Inc. v. State*, 100 So. 3d 514, 527–28 (Ala. 2012) (same)). The case Milo's cites that does arise in the Rule 12 context, *Voss v. State Farm Mutual Automobile Insurance Company*, 2018 WL 4635747, at *7 (N.D. Ala. 2018), also relies on post-trial caselaw that does not concern pleading requirements. *See id*. ("a party alleging fraud 'must present evidence of reasonable reliance on the purported fraud.'") (quoting *AstraZeneca LP v. State*, 41 So. 3d 15, 27 (Ala. 2009) (appeal post-trial)).

Finally, CKS appears to contend that one of the supporting allegations in Count 3 – ¶ 115(g) – should be dismissed as an insufficiently pled standalone claim for promissory fraud. This is an incorrect reading of the claims asserted in the complaint. Moreover, in its reply, Milo's denies challenging the sufficiency of the fraud allegations in Count 3. (*See* Doc. No. 31 at 1 ("Milo's does

not contend that CKS's fraud [] claim [Count 3] failed the particularity standard, but that such a claim was not cognizable under Alabama law.")).

## III. CONCLUSION

For the foregoing reasons, Milo's partial motion to dismiss (Doc. No. 23) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE